■ In the Matter of ROGER C. PETERMAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [759 NYS2d 698] —Per Curiam. Respondent was admitted to practice by this Court in 1992. Most recently, he maintained an office for the practice of law in New Jersey, where he was admitted to practice in 1993.

Petitioner moves to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) on the ground that respondent was convicted in New Jersey of the crime of obtaining a controlled dangerous substance by fraud (*see* NJ Stat Ann § 2C:35-13). Specifically, respondent forged a prescription to obtain the drug Oxicontin. The New Jersey Supreme Court suspended respondent from practice for a period of six months and recently reinstated him to practice, subject to random drug testing (*Matter of Peterman*, 175 NJ 440, 815 A2d 955 [2003]; 174 NJ 341, 805 A2d 1206 [2002]; 170 NJ 185, 785 A2d 422 [2001]). Respondent opposes petitioner's motion and has offered his resignation.

Because respondent's criminal offense is essentially similar to a felony in this state (*see* Penal Law §§ 170.10, 170.25; *Matter of Johnston*, 75 NY2d 403 [1990]), respondent ceased to be an attorney in New York upon his conviction (*see* Judiciary Law § 90 [4] [a], [e]). Penal Law § 170.10 (5) states that a person is guilty of forgery in the second degree when, with intent to defraud, he falsely makes or alters a prescription of a duly licensed physician or other person authorized to issue the same for any drug. Penal Law § 170.25 states that a person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with

intent to defraud, he utters or possesses any forged instrument of a kind specified in Penal Law § 170.10. A violation of either Penal Law section is a class D felony. We therefore grant petitioner's motion.

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee or another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).